Filed 5/16/23  P. v. Hale CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079849 |
| v. | (Super.Ct.No. RIF103852) |
| CHARLES LENNARD HALE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge. Affirmed.

Charles Lennard Hale, in propria persona; and Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Charles Lennard Hale appeals the denial of his Penal Code section 1172.6[1] petition to vacate his conviction for attempted murder. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Hale filed his own supplemental brief. We affirm.

## BACKGROUND

In 2003, the Riverside County District Attorney charged Hale with attempted murder (§§ 664, 187; count 1), assault with a semi-automatic firearm (§ 245, subd. (b); count 2), and discharge of a firearm from a moving vehicle (§ 12034, subd. (c); count 3), as well as a number of enhancements. Hale proceeded to trial. At trial, the jury was instructed that to find him guilty of assault with a firearm, they had to find that someone committed an attempted murder, that Hale aided and abetted that attempted murder, and that the assault was the natural and probable consequence of the attempted murder. They were not instructed on the natural and probable consequences doctrine as a basis for convicting Hale of the attempted murder count. The jury found Hale guilty as charged.

In 2022 Hale petitioned for resentencing under section 1172.6. The trial court held a hearing on the petition in September of that year. At the hearing, the People and the court noted that the instruction given on the natural and probable consequences doctrine as applied to the assault charge was odd, as it reversed the normal flow of liability. That is, the instruction told the jury they could not find Hale guilty of assault without finding that it was the natural and probable consequence of the attempted murder,

---

[1] Unlabeled statutory citations refer to the Penal Code.

rather than the other way around.[2]  However, the court ultimately concluded "the jury instructions and the verdict forms . . . show there were no instructions given to Mr. Hale's jury that would have allowed the jury to consider the natural and probable consequences doctrine as it relates to the attempted murder charge, and, therefore, it's the Court's position that he would still be eligible to be convicted of attempted murder, even in light of the changes in the new law."  Accordingly, the trial court denied Hale's petition.

ANALYSIS

On Hale's request, we appointed counsel to represent him on appeal.  Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende*[3] if appellate counsel cannot identify any arguable issues.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.)  However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id.* at p. 232.)  Here, after appellate counsel filed a brief notifying us Hale's appeal presented no arguable issues, we offered Hale an opportunity to file a personal supplemental brief, and he did so.

---

[2]  This instruction was addressed on direct appeal, where we determined it was a non-prejudicial error.  (See *People v. Ricketts* (Dec. 15, 2008, E040370) [nonpub. opn.].)

[3]  *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Under section 1172.6, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).)

Hale was not convicted of attempted murder under the natural and probable consequences doctrine. His jury was not instructed on natural and probable consequences as a basis for convicting him of attempted murder. The natural and probable consequences instruction that the jury received only pertained to the assault charge. Accordingly, Hale is not eligible for relief under section 1172.6.

In his supplemental brief, Hale argues he was not the actual perpetrator of the attempted murder, did not know the perpetrator had a gun, and that the attempted murder was not planned ahead of time. The court could only revisit these factual issues, however, if Hale first demonstrated that he might have been convicted of attempted murder under a natural and probable consequences theory. Because he cannot make that showing, neither we nor the trial court can reweigh the evidence or second guess the jury's findings.

DISPOSITION

We affirm the order denying Hale's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                    
                                                                    J.

We concur:


MILLER                    
            Acting P. J.


MENETREZ            
            J.